**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 13-4367**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ANTONIO BLANDING,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  W. Earl Britt, Senior District Judge.  (4:12-cr-00098-BR-1)

———————

Submitted:  December 17, 2013     Decided:  December 19, 2013

———————

Before KING, GREGORY, and WYNN, Circuit Judges.

———————

Dismissed in part and affirmed in part by unpublished per curiam opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon, Assistant Federal Public Defender, Raleigh, North Carolina, for Appellant.  Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Blanding pled guilty, pursuant to a written plea agreement, to possession of a firearm as a convicted felon, 18 U.S.C. § 922(g) (2012), and was sentenced to seventy months of imprisonment, the bottom of his properly-calculated Sentencing Guidelines range. In the plea agreement, Blanding agreed to waive his right to appeal his sentence unless his sentence exceeded his advisory Sentencing Guidelines range and for any claims of ineffective assistance of counsel or prosecutorial misconduct. On appeal, Blanding's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether the district court's cross-reference, under U.S. Sentencing Guidelines Manual § 2K2.1(c)(1)(A) (2012), was correct because the gun at issue was unrelated to the heroin also found in Blanding's home. Despite notice, Blanding did not file a pro se supplemental brief.

The Government has moved to dismiss Blanding's appeal based on the appellate waiver provision in his plea agreement. We dismiss in part and affirm in part. We review a defendant's waiver of appellate rights de novo. United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). A defendant may waive his right to appeal if that waiver is the result of a knowing and

2

intelligent decision to forgo the right to appeal. United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005). Generally, if the district court fully questions the defendant about the waiver during the Fed. R. Crim. P. 11 plea colloquy, the waiver is valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005). We will enforce a valid waiver so long as the issue being appealed is within the scope of the waiver. Blick, 408 F.3d at 168. Our review of the record leads us to conclude that Blanding's waiver of appellate rights was knowing and intelligent. Therefore, we grant the Government's motion to dismiss Blanding's appeal as to his sentence and dismiss this portion of the appeal.

The waiver provision does not, however, preclude our duty to review Blanding's conviction. Our Anders review, however, reveals no meritorious issues that are outside the scope of the appeal waiver. We therefore affirm the district court's judgment as to all issues not encompassed by Blanding's valid waiver of his right to appeal. This court requires that counsel inform Blanding, in writing, of his right to petition the Supreme Court of the United States for further review. If Blanding requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

3

Blanding. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>